SPENCER BICKERTON *v.* ELEANOR CASSIDY BICKERTON, A MINOR, BY E. WHITE SUTTON, HER GUARDIAN, AND E. WHITE SUTTON, GUARDIAN OF THE ESTATE OF ELEANOR CASSIDY BICKERTON, A MINOR.

No. 1096.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

ARGUED JUNE 26, 1918.                    DECIDED JULY 1, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE EDINGS
IN PLACE OF KEMP, J., ABSENT.

*Wills—estate for years—repairs—insurance—taxes.*

The testatrix devised to the infant daughter of plaintiff certain real estate, known as the "home," and by a codicil to her will directed that plaintiff and his family "may enjoy the said home herein mentioned, free of rent, during the minority" of the said infant daughter: Held, (1) that plaintiff and his family take an estate for years — during the minority of said infant daughter — in the home place, and not a mere license to occupy the same, and may lease the said home place and collect the rents therefor; (2) that plaintiff and his family take such estate for years subject to the burden of usual repairs, and additions made to the house by plaintiff voluntarily, which result in the direct benefit of himself and family, cannot be recovered by him against the estate of his said infant daughter; (3) that plaintiff has an insurable interest in the improvements on said "home" and may insure the same or not as he sees fit; (4) that the infant daughter has an insurable interest which the guardian may insure at the expense of her estate; (5) that for the purposes of taxation the estate for years should be assessed to plaintiff and his family and the interest of the infant daughter should be assessed as against her guardian, each party to pay the taxes assessed to him respectively.

OPINION OF THE JUSTICES BY QUARLES, J.

This is an original case submitted upon an agreed statement of facts to determine the rights of the parties as to

the use and occupation of certain property, the duty of making and paying for repairs, and of paying taxes and insurance thereon.   By her last will and testament, exe-cuted March 30, 1914, Frances Tasmania Bickerton, among other things, directed: "Item VIII.   I give, de-vise and bequeath to my grand daughter Eleanor Bicker-ton, daughter of Spencer and Agnes Bickerton, all that parcel or parcels of land situate at Kukuihaele, Island of Hawaii, Territory of Hawaii, known as 'Mooiki' and at present under lease by me to the Pacific Sugar Mill Company, and also, all that certain piece or parcel of land, including the buildings and improvements thereon, the same being my present homestead, situate at number 2459 Nuuanu Valley, in Honolulu, City and County of Honolulu, Territory of Hawaii and being a portion of the Pfotenhauer Estate purchased by me, to have and to hold the same to her, absolutely and forever.   And I hereby nominate, constitute and appoint my beloved son Spencer Bickerton guardian of said Eleanor during her minority to serve without bonds."

By a codicil to said will, executed on the 21st day of December, 1916, the testatrix further directed: "I here-by direct that all of my property devised and bequeathed unto my dear grand daughter, Eleanor Bickerton—name-ly—The Home situated at 2459 Nuuanu Avenue in Hono-lulu, Territory of Hawaii — also — The Land known as Mooike located in the District of Hamakua, Island of Hawaii, shall not be either sold or mortgaged during the minority of my said grand daughter, Eleanor Bickerton, nevertheless my dear son Spencer Bickerton and his fam-ily may enjoy the said home herein mentioned, free of rent, during the minority of my said grand daughter Eleanor Bickerton.   I request that the expense for the support, maintenance and education of my dear grand daughter, Eleanor Bickerton, during her minority, be paid out of

the income of the properties which I have devised and bequeathed unto said Eleanor Bickerton."

The will and codicil were duly admitted to probate after the death of the testatrix which occurred March 3, 1917.

On petition of the plaintiff the defendant, E. White Sutton, was, January 7, 1918, appointed guardian of the infant defendant, Eleanor Cassidy Bickerton, and thereupon duly qualified as such guardian. The infant defendant is of the age of seven years.

After the death of testatrix, and prior to the appointment of defendant Sutton as guardian for the infant defendant, the plaintiff made certain repairs to the property, mentioned in the will and codicil as the "home," and hereinafter called the "home property," by painting, hanging paper, installing a gas heater, a gas range and certain electric lights, costing in the aggregate the sum of $357.06; and after the appointment of said guardian, plaintiff, acting on his own suggestion and of his own volition, made further repairs and additions to the said home property by way of building an additional bath room and sleeping porch, painting floors, screening servants' quarters, and other similar items, costing in the aggregate the sum of $616.06. The plaintiff claims reimbursement from the defendants for the expenses incurred by him aforesaid, and which claim the said defendant guardian, for his said ward, disputes.

The plaintiff and his family are on the eve of departure from Honolulu for an indefinite period and plaintiff claims the right to lease the said property and to collect the rents therefor, which claim the guardian disputes. Both parties agree, and which we regard as correct, that the plaintiff has an estate for years in said home property during the minority of the infant defendant. The plaintiff claims that he takes the said property during said term free from the burden of temporary repairs, taxes, special

assessments and insurance, which claim is disputed by the guardian on behalf of the infant defendant.

We are called upon to settle the existing controversy between the parties, and hold as follows:

(1)   Plaintiff and his family have an estate for years in said home property which continues during the minority of the infant devisee, Eleanor Cassidy Bickerton, and have the right to occupy it or lease it and collect the rents therefor.   The provision in the codicil whereby testatrix devised the right to plaintiff and his family to enjoy the home free of rent during the minority of the infant defendant, to whom the remainder in fee was devised, created in the plaintiff and his family an estate for years and not a mere personal license to occupy the premises, and plaintiff may lease the estate so created and may collect and retain the rents therefrom.

(2)   The repairs and additions made to the home property by the plaintiff were made for the use, benefit and convenience of himself and family, were voluntarily made, and he is not entitled to reimbursement therefor from the estate of his infant daughter notwithstanding that the plaintiff, as father, was, under the statute relating thereto, the natural guardian of the person and property of the infant defendant.   The plaintiff takes the home place subject to the burden of keeping the same in such condition as to make it inhabitable, if he so desires to take it, and the care and up-keep of the lawn, the payment of water-rates and like charges must be borne by the plaintiff together with the benefits of enjoyment of the property, as the absence of all provision in the will and codicil as to the up-keep of the property shows that it was the intention of the testatrix that the plaintiff and his family should take the benefit of enjoying the property together with the usual burden of so doing.

(3)   Under the statutes relating to the taxation of

property the interest of plaintiff in the home property is taxable to him and the remainder or interest of the infant defendant is taxable to her guardian and each is liable to pay the taxes so assessed against him respectively.

(4)  The question as to paying special assessments is a moot question as it does not appear that any special assessment has been made or will be made and we do not decide that question.

(5)  The plaintiff has an insurable interest in the property which he may insure at his own expense or not as he may desire.  The infant defendant has an insurable interest, the remainder in fee, which the guardian may insure at the expense of her estate.

A decree in accordance with this decision may be prepared and when approved by the justices will be entered of record in this cause, and it is so ordered.

*W. T. Carden* for plaintiff.

*E. W. Sutton* in proper person.